**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                          **15-CR-158(V)**

              **-v-**

**BENJAMIN BOLTON,**

                    **Defendant.**
_____

## DECISION AND ORDER

          This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

on dispositive motions. Dkt. #4.  The case was subsequently reassigned to the Hon.

Lawrence J. Vilardo on November 12, 2015.

## PRELIMINARY STATEMENT

          The defendant, Benjamin Bolton, is charged with ten counts of transmitting

in interstate commerce a communication which contained a threat to injure in violation

of 18 U.S.C. § 875(c).  Dkt. #3.  On April 29, 2016, defendant filed a motion seeking

discovery, an audibility hearing, and dismissal of the indictment.  Dkt. #30.  After full

briefing on the motion, the parties appeared for oral argument before the undersigned

on June 1, 2016.  At that time, this Court denied defendant's omnibus discovery

requests, reserving only defendant's request for a bill of particulars and an audibility

hearing, addressed in this Decision and Order, and defendant's motion to dismiss the

Indictment, addressed in a separate Report, Recommendation and Order.  Dkt. #32.

For the following reasons, defendant's motion for a bill of particulars is DENIED and his

request for an audibility hearing is DENIED without prejudice.


## DISCUSSION AND ANALYSIS

**Bill of Particulars**

In response to defendant's request for a bill of particulars, the government

argues that defendant has failed to "advance any facts to show how further

particularization would help prepare his defense."  Dkt. #31, p. 4.  Moreover, the

government maintains that the "discovery provided thus far in this action, as well as the

information in the Criminal Complaint, provide a comprehensive picture of the

defendant's culpability with respect to the charges under the indictment."  *Id.*


The function of a bill of particulars is to apprise a defendant of the

essential facts of the crime for which he has been charged.  *United States v. Salazar,*

485 F.2d 1272, 1277-78 (2d Cir. 1973), *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v.*

*United States*, 273 U.S. 77, 82 (1927).

> A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.*
> *denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989);
> *see also United States v. Leonelli*, 428 F. Supp. 880, 882
> (S.D.N.Y. 1977).  "Whether to grant a bill of particulars rests
> within the sound discretion of the district court."  *United*
> *States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),

*cert. denied*, 449 U.S. 1015 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572], 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877 (1968).

*United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004);

*United States v. Porter*, No. 06-1957, 2007 WL 4103679, at *1 (2d Cir. Nov. 19, 2007),

*cert. denied*, 128 S.Ct. 1690 (2008).


This Court finds that the Indictment, which sets forth word-for-word each alleged threat made by the defendant, and which identifies the date and intended victim or victims of each threat, sufficiently apprises the defendant of the charges against him. Moreover, the government has turned over to the defense relevant discovery, including a CD recording of the calls made by the defendant to his alleged victims, from which the defendant can glean the essential facts of his alleged crimes. Accordingly, defendant's motion for a bill of particulars is denied.


### *Audibility Hearing*

Counsel for the defendant and the government have advised this Court that they have not yet determined whether there are actual audibility issues with respect to the CD recordings of defendant's telephone calls which the government may introduce at trial. Therefore, defendant's motion for an audibility hearing is DENIED without prejudice to his right to reapply for such relief after the parties have reviewed the CDs in question and determined that there is an audibility issue that needs to be resolved. As part of this process, counsel for the government is hereby directed to

identify those CDs that the government plans on using at the trial of the defendant and

to prepare transcripts of those CD recordings.  Once such transcripts have been

prepared, counsel for the government shall supply copies of the designated CDs and

respective transcripts to counsel for the defendant.  Counsel for the defendant is hereby

directed to review the CDs and transcripts, and upon completion of such review, make

known to counsel for the government those portions of the CDs and transcripts that

counsel for the defendant claims are inaudible or, in the alternative, inaccurately

transcribed.  Thereafter, counsel for the government and the defendant are directed to

confer for the purpose of resolving any disputes that may exist as to audibility of the

CDs in question and the correctness of the transcripts of such CDs.  Should the

attorneys be unable to resolve any such disputes that may exist, counsel for the

defendant may file a motion for an audibility hearing, which motion must be filed and

served within ten days after the last conference between the attorneys seeking to

resolve such issues.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the

Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and

Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

4

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     June 29, 2016
           Buffalo, New York


                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**